# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Richard Davis, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  1:20-cv-1212 |
| Total Card, Inc., a South Dakota corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT – CLASS ACTION

Plaintiff, Richard Davis, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Richard Davis ("Davis"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted, time-barred consumer debt, which was allegedly owed for an HSBC/Capital One account.

4. Defendant, Total Card, Inc. ("Total Card"), is a South Dakota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant Total Card operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Total Card was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Total Card is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Total Card conducts business in Indiana.

6. Defendant Total Card is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B.  In fact, Defendant Total Card acts as a collection agency in Indiana, by trying to collect debts from tens of thousands of persons in Indiana via collection letters and phone calls.

## FACTUAL ALLEGATIONS

7. More than 7 years ago, Mr. Davis fell behind on paying his bills, including a debt he allegedly owed for an HSBC/Capital One ("HSBC") account. Sometime after that debt went into default, it was allegedly purchased/obtained by Cavalry SPV I, LLC ("Cavalry SPV"), which tried to collect upon it, by having Defendant Total Card send Mr. Davis a form collection letter, dated September 10, 2019. This letter demanded payment of the HSBC debt via various discounted settlement offers. This letter belatedly stated:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, Cavalry SPV I, LLC cannot sue you for it and Cavalry Portfolio Services, LLC cannot report it to any credit reporting agencies. Total Card, Inc. cannot sue you on this debt, and Total Card, Inc. cannot credit report this debt.

\* \* \*

A copy of this collection letter is attached as Exhibit C.

8. Defendant's letter by stating that Cavalry Portfolio Service and Total Card cannot credit report made it appear that the current creditor, Cavalry SPV I could or would credit report the debt. In fact, no one could credit report the debt as it was too old.

9. Moreover, by mentioning Cavalry Portfolio Services in the purported disclaimer without explaining who it was, Defendant's letter left open whether Cavalry Portfolio Services could or would sue to collect the debt. In fact, no one could sue on the debt as it was too old for a lawsuit.

10. Defendant's collection letter confused and alarmed Mr. Davis about the status of the debt, and failed to give him enough information to make an informed decision.

11. Defendant's letter would leave any consumer without enough information for his or her decision-making process about what to do about the debt; whether to pay it to avoid being sued or being credit reported, or to obtain the alleged savings/aid, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

12. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254,

1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

16. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Holzman v. Malcolm S. Gerald, 920 F.3d 1264, 1270-1273 (11th Cir. 2019); Tatis v. Allied Interstate, 882 F.3d 422, 428-430 (3rd Cir. 2018); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679, 687 (7th Cir. 2017), cert denied, 138 S.Ct 736 (U.S. 2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507, 513 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393, 397 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020 (7th Cir. 2014).

17. Although Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it did not foreclose the possibility that Cavalry SPV I, LLC could not or would not credit report the debt; b) it failed to foreclose the possibility that Cavalry Portfolio Services could file a lawsuit; and c) it offered fictitious savings.

4

18. Thus, Defendant's form letter is false, deceptive or misleading, and thus violate § 1692e of the FDCPA.

19. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA -- Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-13.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) it did not foreclose the possibility that Cavalry SPV I, LLC could not or would not credit report the debt; and, b) it failed to foreclose the possibility that Cavalry Portfolio Services could file a lawsuit. Moreover, there is no benefit or savings for a consumer to pay a time-barred debt.

23. Thus, Defendant's form letter is also an unfair and conscionable means to collect debts, and thus violate § 1692f of the FDCPA.

24. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

25. Plaintiff, Richard Davis, brings this action individually and as a class action

on behalf of all persons similarly situated from whom Defendant attempted to collect a defaulted, time-barred consumer debt, allegedly owed for an HSBC/Capital One account, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

26.     Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff Davis, in their attempts to collect defaulted consumer debts from other consumers.

27.     The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Davis.

28.     Plaintiff Davis' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner

applicable to the Class as a whole such that declaratory relief is warranted.

30. Plaintiff Davis will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Davis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Richard Davis, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Davis as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Davis and the Class, and against Defendant, for actual (return of monies collected) and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Richard Davis, individually and on behalf of all others similarly situated, demands trial by jury.

                                        Richard Davis, individually and on behalf of all others similarly situated,

                                        By: /s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

Dated:  April 21, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com